THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

ANNIE MCCAFFERTY.

*Opinion filed February 21, 1906—Rehearing denied April 11, 1906.*

1. INSTRUCTIONS—*an instruction purporting to direct a verdict should state the issues correctly.* An instruction in a personal injury case purporting to direct a verdict for the defendant if the plaintiff has failed to prove a certain issue must correctly state such issue as presented by the pleadings.

2. PLEADINGS—*allegation as to alighting from street car construed.* An allegation that while the plaintiff was in the act of alighting from a street car the defendant started the car before the plaintiff had an opportunity to alight therefrom, means that after the plaintiff had started to alight, but before she completed the act of alighting, the car was started, thus limiting her opportunity to the interval between the time she started to alight and the time the car was started.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

This was an action on the case, brought in the circuit court of Cook county by Annie McCafferty, the appellee, against the West Chicago Street Railroad Company, appellant, to recover for personal injuries sustained by her while attempting to alight from one of appellant's street cars in the city of Chicago. The declaration consisted of one count, and charged that the plaintiff was a passenger for hire on defendant's car; that the car was stopped at Blue Island avenue in order to permit plaintiff to alight, and that while she was in the act of alighting from the car with due care and caution on her part, the defendant, through its servants, recklessly, negligently and improperly started said car before the plaintiff had an opportunity to alight therefrom, but while she was in the act of alighting therefrom, as aforesaid, and as a direct result and in consequence thereof, she was thrown to the ground and was injured. The defendant filed a plea of the general issue. A trial was had before a jury and a verdict returned finding the defendant guilty and assessing plaintiff's damages at $6500. After overruling a motion for a new trial and a motion in arrest of judgment the court entered judgment upon the verdict in favor of the plaintiff for $6500. The defendant appealed to the Appellate Court for the First District, where, after a *remittitur* of $1500 had been entered, the judgment of the circuit court was affirmed for $5000. The appellant prosecutes a further appeal to this court, assigning as grounds for reversal the refusal of three instructions offered by it in the circuit court.

The evidence on the part of the appellee tended to show that she was on the car with her little child; that the car was an open one, with foot-boards extending along each side the entire length of the car; that the appellee signaled the conductor to stop at Blue Island avenue; that the car was stopped at the avenue, and appellee stepped down upon the foot-board of the car and then put one foot to the ground, keeping the other upon the foot-board; that in this position she started to reach up for her child, who was standing upon

the seat of the car, when the car was started with a jerk and appellee was thereby thrown to the ground and injured.

The evidence for the appellant tended to show that the car stood at Blue Island avenue long enough to permit several passengers to get off and on the car; that after the car had started again, the appellee stepped down upon the footboard and attempted to get off, and before the car could be stopped she fell to the ground.

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellant.

JAMES C. McSHANE, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Appellant offered twenty-one instructions in the trial court. The court gave eighteen of them and refused three. Appellant complains of the refusal of these three. The first of the refused instructions reads as follows:

"The burden of proof is not upon the defendant to show how the plaintiff came to fall. If the preponderance of the testimony does not show that she fell by reason of the car being started before the plaintiff had an opportunity to alight therefrom, your verdict should be not guilty."

It is said by appellant that the object of this instruction was to tell the jury what issue was raised by the pleading. The declaration alleged that while the plaintiff was in the act of alighting from the car the defendant started the car before the plaintiff had an opportunity to alight therefrom. We think the reasonable construction of this allegation is, that while plaintiff was in the act of alighting, but before she had an opportunity to complete the act, the car was started, thus limiting the opportunity to alight to the interval between the time she started to alight and the time the car was started. The instruction is misleading, in that it does not

confine the opportunity to alight to the interval between the time when she started to alight and the time when the car was started. The jury might have concluded from the instruction that if there was sufficient time between the stopping of the car at the avenue and its starting to afford an opportunity to plaintiff to alight, then their verdict should be for the defendant, although they believed, from the evidence, that the car was started by defendant's servants at a moment when they knew the plaintiff was in the act of alighting therefrom.

The instruction failed to definitely state the issue presented by the pleadings and was therefore properly refused.

The second refused instruction would have told the jury that if they believed, from the evidence, "that the plaintiff attempted to alight from the car in question while it was in motion, then the court instructs the jury that the plaintiff cannot recover in this action."

Appellant states that this instruction was offered in order to advise the jury that the plaintiff could not recover unless she proved her cause of action exactly as she had alleged it. If it was appellant's purpose to have the jury so advised by the court, it would have been both easy and advisable to submit an instruction embodying that proposition. The court, however, in another of appellant's instructions told the jury that if they believed that the plaintiff attempted to alight from the car after it had started and was in motion, and that such act was negligence on her part and contributed to the injury, then the jury should find the defendant not guilty. This was all appellant was entitled to in this regard.

The remaining instruction which was refused by the circuit court is as follows:

"The jury are instructed that if, under the instructions of the court, they find, from the evidence in this case, that the plaintiff is not entitled to recover, then they will not have occasion to consider at all the character or extent of plaintiff's damages, whether serious or slight."

Although this instruction stated the law correctly, yet its refusal was not error, especially in view of the fact that the jury were cautioned by other instructions not to permit their sympathies to enter into their consideration of the case.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*